UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CRAIG YATES<br>      Plaintiff (s)<br>v.<br>NAPA VALLEY CASINO<br>      Defendant(s). | C 06-07917 MMC<br>SCHEDULING ORDER FOR CASES ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT TITLE III (42 U.S.C. §§ 12181- 89) |

IT IS HEREBY ORDERED that this action is assigned to the Honorable <u>Maxine M. Chesney</u>. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this Order and the assigned judge's pertinent Standing Orders. This case is otherwise exempt from Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

## CASE SCHEDULE

| Date | Event | Rule(s) |
|---|---|---|
| 12/27/2006 | **Complaint filed** | |
| 2/26/2007 | Last day for plaintiff to complete service on defendants or file motion for administrative relief from deadline | <u>General Order 56</u>; <u>Civil Local Rule 7-11</u> |
| 7 days before Joint Site Inspection | Last day for parties to complete initial disclosures, including defendant's disclosure re: construction or alteration history of subject premises | <u>FRCivP 26(a);</u><br><u>General Order 56 ¶2;</u> |
| 4/6/2007 | Last day for parties and counsel to hold joint inspection of premises, with or without meet-and-confer regarding settlement | <u>General Order 56 ¶3,4;</u> |

| | | |
|---|---|---|
| 10 business days after Joint Site Inspection | Last day for parties to meet and confer in person to discuss settlement | General Order 56 ¶4; |
| 45 days after Joint Site Inspection | Last day for plaintiff to file "Notice of Need for Mediation" | General Order 56 ¶6; |
| 7 calendar days after mediation | Last day for plaintiff to file Motion for Administrative Relief Requesting Case Management Conference | General Order 56 ¶7; Civil Local Rule 7-11 |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br><br>vs.<br><br>Defendant(s), | NO. C-          MMC<br><br>CASE MANAGEMENT<br>CONFERENCE ORDER |

    IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on _____ at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

    Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

    Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below. Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item. Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure. Failure to show good cause for such failure may subject the parties to sanctions.

    Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

    Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause must be shown.

The parties should be prepared to address and resolve at the Case Management Conference the following: setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

Other agenda matters which the Court will address at the Case Management Conference include the following:

1.  Does the Court have subject matter jurisdiction over all of the plaintiffs' claim(s) and defendants' counter-claim(s)? What is the basis of that jurisdiction? Are all the parties subject to the Court's jurisdiction? Do any parties remain to be served?

2.  What are the factual and legal bases for plaintiff's claims and defendant's defenses? Defendant's counter-claims and plaintiff's defenses to the counterclaims?

3.  What are the factual and legal issues genuinely in dispute?

4.  What are the issues that can be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

5.  What are the motions anticipated by the parties?

6.  What relief does plaintiff seek? What is the amount of damages sought by plaintiff's claim(s)? What is the amount of damages sought by defendant's counterclaim(s)? How are the damages computed?

7. What discovery does each party intend to pursue? Can discovery be limited in any manner? Are there any alternative methods available to obtain the necessary information? Should a discovery order and conference be entered pursuant to Fed.R.Civ.P 26(f)?

8.  Is this case suitable for reference to a binding arbitration, to a Special Master, or to a Magistrate Judge for trial? Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?

9.  Will this case be tried by a jury? What is the anticipated length of trial? Is it possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence? Is it feasible and desirable to bifurcate issues for trial?

10. Are there related cases pending before other Judges of this Court? See Civil L.R. 3-12.

11. If a class action, how and when will the class(es) be certified?

12. What are the earliest reasonable dates for discovery cutoff, pretrial conference and trial?

13. What are the prospects for settlement? Does any party wish to have a settlement conference with another Judge or Magistrate Judge? How can settlement efforts be assisted? See A.D.R. L.R. 7.

14. Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

IT IS SO ORDERED.

Dated: October 9, 2002.

MAXINE M. CHESNEY
United States District Judge

3

## STANDING ORDERS FOR CIVIL CASES
## ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY

1. Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2. **Electronic Case Filing - Lodging Hard Copies for Chambers**

   In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked **"Chambers Copy"** and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and "E-Filing Chambers Copy."

3. <u>**Scheduling Days:**</u>

   a. Criminal Law and Motion Calendar is conducted on Wednesdays at **2:30 p.m.**
   b. Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**
   c. Case Management Conferences are conducted on Fridays at **10:30 a.m.**, with order of call determined by the Court.
   d. Pretrial conferences are generally conducted on Tuesday afternoons at **3:00 p.m.**
   e. Counsel need not reserve a hearing date for motions, but noticed dates may be reset as the Court's calendar requires.

4. **Proposed Orders Required:** Each party filing <u>or opposing</u> a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

5. **Discovery:** Discovery motions will be referred to a Magistrate Judge.

6. **Procedural Matters:** Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an administrative request in accordance with Civil Local Rule 7-11. *In either case, no changes in the Court's schedule or procedures shall be made except by signed order of the Court **and only upon a showing of good cause.***

7. **Service of Standing Orders:** Plaintiff is directed to serve copies of these standing orders at once upon all parties to this action and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service.

IT IS SO ORDERED.

Dated: April 20, 2005

Maxine M. Chesney
United States District Judge

**APPENDIX A - JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|                    |                                                    |
|--------------------|----------------------------------------------------|
| Plaintiff(s),      | CASE NO.                                           |
| v.                 | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| Defendant(s).      |                                                    |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

1. A brief description of the events underlying the action:

2. The principal factual issues which the parties dispute:

3. The principal legal issues which the parties dispute:

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

5. The parties which have not been served and the reasons:

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:

### ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

☐ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)* _____.

☐ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process):* _____.

☐ The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____.

☐ The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is
_____.

9. Please indicate any other information regarding ADR process or deadline.

### DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:

### DISCOVERY

11. The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

### TRIAL SCHEDULE

12. The parties request a trial date as follows:

13. The parties expect that the trial will last for the following number of days:

Dated: _____     _____
[Typed name and signature of counsel.]

Dated: _____     _____
[Typed name and signature of counsel.]

### CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*
*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*

Dated: _____     _____
UNITED STATES DISTRICT/MAGISTRATE JUDGE